UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RUSSEL D. ROSCO and BONNIE R. ROSCO<br><br>Plaintiffs,<br><br>v.<br><br>UNITED COLLECTION BUREAU, INC.,<br><br>Defendant. | Case No. C24-1631-RSM<br><br>ORDER DENYING PLAINTIFFS' MOTION TO COMPEL ARBITRATION AND STAY PROCEEDING |

This matter comes before the Court on Plaintiffs' Motion to Compel Arbitration and Stay Proceeding. Dkt. #5. Plaintiffs argue that the debt at issue involves a credit card from Citibank, and the agreement between Plaintiffs and Citibank includes a binding arbitration clause. *Id*. at 3. Defendant opposes the Motion, arguing that there is no binding arbitration agreement between Plaintiffs and Defendant, or, in alternative, that Plaintiffs waived any right to arbitration by initiating this action. Dkt. #6.

Defendants removed this case from Snohomish County Superior Court on October 8, 2024. Dkt. #1. Plaintiffs allege various claims under the Washington State's Consumer Protection Act, RCW 19.16.250, and the Fair Debt Collection Practice Act, 15 U.S.C. § 1692.

*Id*.  Plaintiffs filed a Motion to Compel Arbitration and Stay Proceeding, Dkt. #4, on October 17, 2024, then followed with a revised Motion, Dkt. #5, on October 30, 2024.

"The [Federal Arbitration Act ("FAA")] provides that any arbitration agreement within its scope 'shall be valid, irrevocable, and enforceable,' and permits a party 'aggrieved by the alleged refusal of another to arbitrate' to petition any federal district court for an order compelling arbitration in the manner provided for in the agreement." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000) (citations and ellipses omitted). "The FAA requires federal district courts to stay judicial proceedings and compel arbitration of claims covered by a written and enforceable arbitration agreement." *Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1175 (9th Cir. 2014) (internal citation omitted); *Chiron*, 207 F.3d at 1130 ("[T]he Act 'leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed.'") (citation omitted). "The FAA limits the district court's role to determining whether a valid arbitration agreement exists, and whether the agreement encompasses the disputes at issue." *Nguyen*, 763 F.3d at 1175 (citing *Chiron*, 207 F.3d at 1130).  To determine "whether a valid arbitration agreement exists, federal courts 'apply ordinary state-law principles that govern the formation of contracts.'" *Id*. (quoting *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944, 115 S. Ct. 1920, 131 L. Ed. 2d 985 (1995)).

Plaintiffs have failed to provide sufficient information showing that Defendant is a party to the cardholder agreement and bound by the arbitration provision.  The cardholder agreement provides: "You or we may arbitrate any claim, dispute or controversy between you and us arising out of or related to your Account, a previous related Account or our relationship[.]" Dkt. #4-2 at 9.  "You" is defined as the "cardmember who opened the account."  Id. at 1.  "We," along with "us" and "our," is defined as "Citibank, N.A. [National Association]."  *Id*. The arbitration clause

ORDER DENYING PLAINTIFFS' MOTION TO COMPEL
ARBITRATION AND STAY PROCEEDING- 2

also "includes Claims made by or against anyone connected with us or you or claiming through us or you, or by someone making a claim through us or you, such as a co-applicant, Authorized User, employee, agent, representative or an affiliated/parent/subsidiary company." *Id*. at 9. Though Plaintiffs' Complaint mentions debt collection letters from Defendant, Plaintiffs have not provided any information for this Court to infer that Defendant is an employee, agent, representative, or is otherwise included by the language of the credit card agreement. Dkt. #1-2 at 6. Therefore, the Court shall deny Plaintiffs' Motion.

Accordingly, having considered the Motion, Defendant's Response, and the remainder of the record, the Court hereby finds and ORDERS that Plaintiffs' Motion to Compel Arbitration and Stay Action, Dkt. #5, is DENIED. The Court STRIKES Plaintiffs' initial Motion, Dkt. #4, as duplicative of Plaintiffs' revised Motion.

DATED this 20th day of November, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE